## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cr-20084-ALTONAGA

UNITED STATES OF AMERICA,

vs.

CARLOS ALBERTO PADRON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION
## ON CHANGE OF PLEA

THIS CAUSE is before the Court following an Order of Referral from the Honorable Cecilia M. Altonaga, Chief United States District Judge, to conduct a proceeding for acceptance of a guilty plea by Defendant Carlos Alberto Padron ("Defendant"). [ECF No. 55]. Based upon the change of plea hearing conducted on June 20, 2023, the undersigned makes the following findings and recommends that the guilty plea be accepted.

1.      The undersigned advised Defendant of his right to have these proceedings conducted by Judge Altonaga, the District Judge assigned to the case, and that the undersigned was conducting the change of plea hearing pursuant to an Order of Referral from Judge Altonaga. I further advised Defendant that Judge Altonaga would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that he did have the right to have the change of plea hearing conducted by Judge Altonaga. Defendant, who stated that he had discussed his right to have the hearing conducted by the

District Judge with his attorney, and the Assistant United States Attorney consented on the record to the undersigned conducting the change of plea hearing.

2.     The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges and with Federal Rule of Criminal Procedure 11. Defendant appeared personally in Court before the undersigned and was placed under oath.

3.     Defendant pled guilty to Count 1 of the Indictment filed in this case, which charges him with violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and 1956(h) (Conspiracy to Commit Money Laundering). I advised Defendant that the maximum penalty the Court may impose is a sentence of twenty (20) years' imprisonment, followed by a term of supervised release of up to three (3) years. I further advised Defendant that in addition to any term of imprisonment, the Court may impose a fine of up to $500,000 or twice the value of the property involved in the transaction, in addition to a mandatory special assessment of $100, which is due at the time of sentencing, and may order forfeiture and restitution. I also advised Defendant that if he is not a United States citizen, his conviction may lead to his removal from the United States. Defendant acknowledged that he understood the possible penalties, including the maximum penalties that could be imposed in the case.

4.     To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. The Government established all the essential elements of the crimes to which Defendant is pleading guilty. Defendant acknowledged that the facts proffered by the Government were accurate, and defense counsel agreed that the proffer satisfied all elements of the crime charged. The Government's proffer, signed by counsel for the Government and Defendant, was filed with the Court. [ECF No. 63]

5.      The parties had agreed to certain terms for Defendant's plea and entered into a written plea agreement. [ECF No. 64] I reviewed the terms agreed to by the parties on the record, including the following: Defendant will plead guilty to Count 1 of the Indictment, and the Government agrees to seek dismissal of the remaining counts, Counts 2-6, at the time of sentencing; the parties agree the Government will recommend a two-level reduction in Defendant's base offense level based upon Defendant's recognition and affirmative and timely acceptance of personal responsibility; and the Government agrees that if at the time of sentencing Defendant's offense level is determined to be sixteen or greater, the Government will file a motion requesting an additional one-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines. The Government will not be required to make these motions or recommendations unless Defendant fully cooperates with the probation office and does not commit any misconduct after entering into the plea agreement, or if Defendant is found to have misrepresented facts to the Government prior to entering into a plea agreement. The parties also agree to jointly recommend the following regarding Defendant's applicable Guidelines Sentence:

    a.  Base Offense Level: that pursuant to Section 2S1.1.(a)(2) of the Sentencing Guidelines, the Base Offense Level is eight plus the number of offense levels from Section 2B1.1 corresponding to the value of the laundered funds;

    b.  Laundered Funds: that pursuant to Section 2B1.1(b)(1) of the Sentencing Guidelines, based on a value of laundered funds in this case ($249,901) and of relevant conduct ($2,185,392) for a total amount of laundered funds of $2,435,293, there is a sixteen-level increase to the offense level;

     c. <u>Money Laundering Under Section 1956</u>: That pursuant to Section 2S1.1(b)(2)(B), there is a specific offense characteristic two-level increase because Defendant is convicted under Title 18, United States Code, Section 1956.

The parties agree that the Government will not argue that the offense involved sophisticated laundering under Section 2S1.1(b)(3), however the Government will argue that Defendant was in the business of laundering funds under Section 2S1.1(b)(2)(C) (a four-level increase rather than the two-level increase specified in Section 2S1.1.(b)(2)(B)). In addition, the parties agree that there should be no aggravating role under Section 3B1.1 and no mitigating role under Section 3B1.2. The parties also agree that the Government will not seek to charge Defendant for money laundering or fraud conduct identified in the factual proffer and accepted as relevant conduct by Defendant. Lastly, the parties agree that the sentence in this case will run consecutive to Defendant's sentence on his supervised release violation in Case Number 21-TP-20057-JEM.  There were no other agreements regarding application of the Sentencing Guidelines or other enhancements or reductions that may be raised by the United States Probation investigation.

     6.     Defendant acknowledged that he agreed to forfeit any right, title, and interest to all property, real or personal, which constitutes or is derived from proceeds traceable to the Title 18 violation. In addition, Defendant agrees to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p). The property identified as subject to forfeiture includes a forfeiture money judgment of $2,435,293, which represents the value of the property subject to forfeiture. In furtherance of the satisfaction of the forfeiture money judgment, Defendant agreed to perform the acts detailed in paragraph 13 of the plea

agreement.  The parties also notified the Court that Defendant will cooperate fully with the Government in the identification of additional assets subject to forfeiture. Defendant waived all defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. Defendant further acknowledged that forfeiture is independent of any assessments, fines, costs, restitution orders, or any other penalty that may be imposed by the Court.

7.      Defendant acknowledged and agreed in paragraph 15 of the plea agreement that if he withdraws or attempts to withdraw from the plea agreement, any statements made in connection with the guilty plea may become admissible as evidence and may be used against him in any criminal proceedings.

8.      Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with his attorney. Defendant also indicated that he has reviewed discovery with counsel and discussed possible defenses he may have to the charges against him.

9.      Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses.

10.     Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Count 1 of the Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of the offense as charged.

11.     A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. Sentencing before Judge Altonaga will be set by a separate order.

12.     The Government shall prepare a preliminary forfeiture order and shall provide it to Defendant prior to filing with the Court.

13.     The parties will have seven (7) calendar days from the date of this Report to file written objections, if any, for consideration by the United States District Judge. Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 21st day of June, 2023.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Cecilia M. Altonaga
Counsel of Record